UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-3230 CAS (PJWx) | Date | May 18, 2012 |
|---|---|---|---|
| Title | ASLAN RESIDENTIAL IV, LLC v. VACHAGEN KESHISHYAN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

**I.   INTRODUCTION**

On April 3, 2012, plaintiff Aslan Residential IV, LLC filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendant Vachagen Keshishyan and Does 1–10.  On April 12, 2012, defendant filed a notice of removal to this Court pursuant to 28 U.S.C. § 1331.  Defendant asserts various federal defenses in his notice of removal.  See Dkt. No. 1.  On April 27, 2012, the Court issued an order to show cause ("OSC") as to why this action should not be remanded for lack of subject matter jurisdiction.

Plaintiff filed a response to the OSC on May 17, 2012.  Among other things, plaintiff asserts that all Los Angeles County Superior Court judges' retirement funds are backed by bank products and thus state judges cannot be impartial to defendants in unlawful detainer actions.

The Court is unpersuaded.  The law is clear that "[u]nlawful detainer actions are strictly within the province of state court."  Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3230 CAS (PJWx) | Date | May 18, 2012 |
|---|---|---|---|
| Title | ASLAN RESIDENTIAL IV, LLC v. VACHAGEN KESHISHYAN | | |

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.[1]

This action is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ

---

[1] Moreover, defendant's contention that all Los Angeles County Superior Court judges are biased against unlawful detainer defendants is unpersuasive. First, "it is to be presumed that any judge is impartial." Perry v. Schwarzenegger, 790 F. Supp. 2d 1119, 1131 (N.D. Cal. 2011); First Interstate Bank of Arizona, 210 F.3d 983, 988 (9th Cir. 2000) (stating that judges "are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety"); Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) ("[W]e abide by the general presumption that judges are unbiased and honest."). Defendant has not demonstrated that all Los Angeles County Superior Court judges are against him. Second, even if defendant could make such a showing, it would not entitle him to remove the action to this Court because the Court would still lack subject matter jurisdiction over plaintiff's claim.